HUNTON & WILLIAMS LLP
EMILY BURKHARDT VICENTE (SBN 263990)
Email: ebvicente@hunton.com
EMILY L. ALDRICH (SBN 271146)
Email: ealdrich@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
LOWE'S HIW, INC.

WEIDMAN & YUN, P.C.
MARK WEIDMANN (SBN 157670)
EDWARD YUN (SBN 258245)
Email: eyun@weidmannlaw.com
ANDREW KAZAKES (SBN 277912)
Email: akazakes@weidmannlaw.com
1875 Century Park East, Suite 1850
Los Angeles, California 90067
Telephone: (310) 201-9699

Attorneys for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
NOV - 6 2012
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

NOTE CHANGES MADE BY THE COURT

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

FAUN BISTLINE,

Plaintiff,

v.

LOWE'S HIW, INC., and DOES 1 to 10, inclusive,

Defendants.

CASE NO.: 2:12-cv-4986 JFW (PJWx)

Hon. John F. Walter

**~~STIPULATED~~ PROTECTIVE ORDER**

Under seal filings governed by L.R. 79-5. PJW

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over the confidentiality of information, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is **STIPULATED** as follows:

**1.0 Definitions.**

1.1 Party: Any party to this action, including all of its officers, directors, employees, and in-house counsel (and their support staff).

1.2 Disclosures or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.3 "Confidential" Information or Items:

(i) Information that is a "trade secret" as that term is defined in 18 U.S.C. § 1839;

(ii) Confidential and proprietary business and/or financial information;

(iii) Non-public information about any individual or individuals, including personnel records, evaluations, compensation levels, databases, surveys, statistical analysis, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals; and/or

(iv) Information alleged in good faith by a Party to be subject to protection under the Federal Rules of Evidence and/or information that is confidential, of commercial value, and falling into one or more of the following categories:

a. Lowe's HIW, Inc.'s policies and procedures for operating its stores;

b. Documents that reflect the implementation of Lowe's HIW,

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

Inc.'s policies and procedures for operating its stores;

c. Information that is protected against disclosure by a written confidential information agreement between a third party and Plaintiff or Defendants; and

d. Business plans, models, marketing analyses, sales and financial statements.

1.4 Designating Party: A Party or non-party that designates its Disclosures or Discovery Material as "Confidential."

1.5 Receiving Party: A Party that receives Disclosures or Discovery Material from a Designating Party.

1.6 Protected Material: Any Disclosures or Discovery Material that is designated as "Confidential."

1.7 Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.8 In-House Counsel: Attorneys who are employees of a Party.

1.9 Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

1.10 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation; and who is not a past or a current employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.11 Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

**2.0 Scope.**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that would reveal Protected Material.

**3.0 Duration.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court orders otherwise.

**4.0 Designating Protected Material.**

4.1 Exercise of Restraint and Care in Designating Disclosures or Discovery Material for Protection: Each Party or non-party that designates Disclosures or Discovery Material for protection under this Order must take care to limit any such designation to specific Disclosures or Discovery Material that qualifies under the appropriate confidentiality standard. A Designating Party must take care to designate for protection only those parts of the Disclosures or Discovery Material, so that other portions of the Disclosures or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Designating Party's attention that Disclosures or Discovery Material that that Party designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the improper designation.

4.2 Manner and Timing of Designations: Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, Disclosures or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

before such material is produced. Designation in conformity with this Protective Order requires:

4.2(a) For Disclosures or Discovery Material in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" prominently on each page that contains Protected Material. If only a portion or portions of a document or material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original Disclosures or Discovery Material available for inspection need not designate them for protection until after the inspecting Party has indicated which Disclosures or Discovery Material it seeks to have copied and produced. During the inspection and before the designation, all of the Disclosures or Discovery Material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the Disclosures or Discovery Material it seeks to have copied and produced, the Designating Party must determine which, if any, Disclosures or Discovery Material, or portions thereof, qualify for protection under this Protective Order. Prior to producing the specified Disclosures or Discovery Material, the Designating Party must affix the appropriate "Confidential" legend prominently on each page as set forth above.

4.2(b) For Disclosures or Discovery Material in the form of testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" information.

Any Party may also designate testimony that is entitled to protection by notifying all Parties in writing within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential"

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody, or control. Unless otherwise indicated, all deposition transcripts shall be treated as "Confidential" for a period of twenty (20) days after the receipt of the transcript. This preliminary treatment, however, shall not limit a deponent's right to review the transcript of his or her deposition under Federal Rule of Civil Procedure 30(e)(1).

Transcript pages containing Protected Material must be separately bound by the court reporter, who must prominently affix on each such page the legend "Confidential" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

4.2(c) For Disclosures or Discovery Material produced other than in documentary or testimony form, and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container in which or disk (or similar device) on which the information or item is stored the legend "Confidential." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

4.3 Inadvertent Failures to Designate: An inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If any Disclosures or Discovery Material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

4.4 Nonparty Designations During Deposition: During the deposition of any nonparty, the nonparty may designate any Disclosures or Discovery Material as "Confidential" so long as it is conducted in good faith. Further, any nonparty seeking

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

to invoke any protection accorded by the Protective Order must either provide a copy of the "Agreement to Be Bound by Protective Order" (attached as Exhibit A) executed by the nonparty to all counsel of record for the Parties or so agree on the record during the deposition.

**5.0 <u>Access To And Use Of Protected Material.</u>**

5.1 <u>Basic Principles:</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10 below.

Protected Material must be maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

5.2 <u>Disclosure of "Confidential" Information or Items:</u> Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to the following:

5.2(a) The Receiving Party, who may share confidential information and items with its officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this litigation;

5.2(b) Outside Counsel in this litigation, as well as its employees to whom it is reasonably necessary to disclose the information for this litigation;

5.2(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (attached as

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

Exhibit A);

5.2(d) The Court and its personnel;

5.2(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

5.2(f) During their depositions, witnesses in the action to whom disclosure is reasonably calculated to lead to discovery of admissible evidence. Pages of transcribed deposition testimony or exhibits to depositions that contain Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

5.2(g) The author of or recipient of the Protected Material or the original source of the information.

5.2(h) Professional vendors.

5.2(i) The Parties to this litigation and their current directors, officers and employees to whom disclosure is reasonably necessary for this litigation.

5.2(j) Any mediators or arbitrators utilized in this litigation

5.2(k) Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial.

5.2(l) The Jury.

**6.0 <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation</u>.**

If a Receiving Party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," the Receiving Party must immediately notify the Designating Party, in writing and in no event more than five (5) court days after receiving the subpoena or Court order. Such notification must include a copy of the subpoena or Court order. If Plaintiff is the Designating Party, notice shall be sent to counsel for

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

Plaintiff at Weidmann & Yun PC, 1875 Century Park East, Suite 1850, Los Angeles, California 90067. If Defendant is the Designating Party, notice shall be sent to Hunton & Williams LLP, 550 South Hope Street, Suite 2000, Los Angeles, California 90071.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the Protected Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

**7.0 <u>Unauthorized Disclosure Of Protected Material.</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

**8.0 Filing Protected Material.**

In the event that counsel for any party desires to file with the Court any document which includes any Protected Material, an application to file such document(s) under seal shall be filed pursuant to Judge Walter's Standing Order (Dkt. No. 8) and the relevant Local Rules. ~~Further, such document shall be filed separately in a sealed envelope pursuant to Central District of California Local Rule 79-5.1, upon which shall prominently appear the following statement:~~

> ~~**This envelope contains documents subject to a Stipulated Protected Order concerning the use of confidential discovery material entered by the Court in this action. This envelope shall not be opened, nor shall the contents be displayed or revealed except by order of the Court.**~~



This Section shall not apply to the Parties' submission of exhibits in connection with a hearing or for trial, nor the handling of exhibits during the hearing or trial, without further order of the Court.

**9.0 Final Disposition.**

Unless otherwise ordered or agreed in writing by the Designating Party, after the final termination of this litigation, including any appeals, if a Designating Party requests in writing the return or destruction of any or all of its Protected Material to the Receiving Party, within thirty (30) days of such request, the Receiving Party must submit a written certification, under penalty of perjury, to the Designating Party that all Protected Material was returned or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel may retain an archival set of copies of Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**10.0 Inadvertent Production of Privileged Documents.**

Inadvertent production of any document or information that a Party later claims should not have been produced because of a privilege, including but not limited to

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. A Party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party, the possessing party shall within three (3) days return to the requesting Party the Inadvertently Produced Privileged Document and all copies thereof and shall not make use of such documents or information in this proceeding or otherwise. The Party returning such material may then move the Court for an order compelling production of the documents or information, but said party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

**11.0 Miscellaneous.**

11.1 Right to Further Relief: Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to producing any Disclosures or Discovery Material on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosures or Discovery Material covered by this Protective Order.

**IT IS SO STIPULATED.**

DATED: October 30, 2012

**WEIDMANN & YUN P.C.**

By: ______________________
ANDREW KAZAKES
Attorneys for Plaintiff

FAUN BISTLINE

DATED: October 31, 2012

**HUNTON & WILLIAMS LLP**

By: [signature]
EMILY L. ALDRICH
Attorneys for Defendant
LOWE'S HIW, INC.

IT IS SO ORDERED.
DATED: 11/6/12
[signature]
UNITED STATES MAGISTRATE JUDGE

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

**Exhibit A**

Agreement To Be Bound By Protective Order

I, ____________________, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Faun Bistline v. Lowe's HIW, Inc.*, Case No. 2:12-cv-4986 JFW (PJWx), United States District Court of the Central District of California, Western Division, and hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of the Parties or this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Signature: ______________________________

Printed Name: ______________________________

Dated: ______________________________